IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ARRINGTON DEVELOPMENT, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NORANIZA A. ALONTO, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:08-cv-00623 CW<br><br>Judge Clark Waddoups |

This matter is before the Court on Defendant Noraniza Z. Alonto's ("Alonto") Request to Submit for Decision Alonto's motion to dismiss. Plaintiff, Arrington Development, LLC ("Arrington"), filed this suit to enforce a mechanic's lien. Alonto has moved to dismiss based on a Utah venue statute that requires a mechanic's lien enforcement action to be filed in the county where the property is located. *See* Utah Code Ann. § 78B-3-301(1)(e) (2008).

On December 5, 2008, the Court issued an order asking for supplemental briefing and authority to address (1) why the United States District Court for Utah fails to encompass Washington County for purposes of this action, and (2) whether an action to enforce a mechanic's lien is exclusively a state remedy that cannot be pursued in federal court as a diversity action.

On December 19, 2008, Alonto filed a supplemental brief that contains a one-page argument. Alonto again cited to Section 78B-3-301(1)(e) as her support that this action should be dismissed because no exceptions exist under the venue statute regarding where a mechanic's lien enforcement action may be filed. Alonto cited no other authority.

A venue statute helps ensure that individuals will not have "to defend legal actions at places

remote from where they reside" so they can avoid unnecessary expenses and a unjust disadvantage.[1]
When a diversity action is filed in federal court, venue is proper if the action is filed in "a judicial district in which . . . a substantial part of property that is the subject of the action is situated."[2] The property at issue here is located in Washington County, Utah.  The judicial District of Utah encompasses Washington County.  Alonto has provided no authority that indicates a state venue statute trumps a federal venue statute.  Venue is therefore proper in this case.

Additionally, Alonto has cited no authority that a state venue statute trumps federal jurisdiction.  Nor has Alonto cited any authority that enforcement of a mechanic's lien is exclusively a state remedy that cannot be pursued in federal court as a diversity action.  Absent such authority, Alonto has failed to show that this case should be dismissed.[3]

Accordingly, the Court hereby DENIES Alonto's Motion to Dismiss.[4]

SO ORDERED this 3rd day of February, 2009.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[1] *Salt Lake Tribune Publi'g Co. v. Memmott*, 2001 UT 83, ¶ 16, 40 P.3d 575.

[2] 28 U.S.C. § 1391(a) (2008).

[3] Because subject-matter jurisdiction is a limit on a court's authority to determine a case, challenges to "subject matter jurisdiction may be raised at any time." *United States v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999).  Consequently, if Alonto finds authority that enforcement of a mechanic's lien is exclusively a state remedy, Alonto may present that authority to the Court at any time.

[4] Docket No. 3.